Douglas J. Dennington (State Bar No. 173447)
ddennington@rutan.com
Jayson Parsons (State Bar No. 330458)
jparsons@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
Facsimile:  714-546-9035

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GH PALMER, INC., et al., | Case No. 2:21-cv-06311-DDP-(JEMx) |
| Plaintiffs, | *Judge:  Dean D. Pregerson* |
| vs. | **PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENOR-DEFENDANTS' MOTION TO INTERVENE** |
| CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; and DOES 1-25, INCLUSIVE, | Date:      November 22, 2021<br>Time:      10:00 a.m.<br>Ctrm.:     9C |
| Defendants. | Date Action Filed:  August 4, 2021<br>Trial Date:  Not Set |

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

II.    LEGAL STANDARD .......................................................................3

III.   ARGUMENT .......................................................................................4

     A.    Proposed Intervenors Have Not Satisfied the Required Elements To Intervene As A Matter Of Right .....................................4

     B.    This Court Should Deny Permissive Intervention Because the Proposed Intervenors Fail to Assert a "Claim or Defense" for Purposes of Rule 24(b), and Their Rights Are Adequately Represented ......................................................13

     C.    Allowing Proposed Intervenors To Intervene Would Complicate this Litigation, Increase Delay, and Open the Door To Countless Other Potential Third Party Intervenors ..............15

IV.   CONCLUSION ..........................................................................16

Rutan & Tucker, LLP
*attorneys at law*

560/036892-0001
17106683.1 a11/01/21

-i-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

# <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**                                                                        **Page(s)**

*Alabama Assoc. Realtors v. Dept. of Health and Hum. Services*,
   141 S. Ct. 2485 (Aug. 26, 2021) ............................................................... 5

*Amoco Oil Co. v. Dingwell*,
   690 F.Supp. 78 (D. Maine 1988) .............................................................. 4

*Arakaki v. Cayetano*,
   324 F.3d 1078 (9th Cir. 2003) ............................................................. 8, 10

*Brookins v. South Bend Community School Corp.*,
   95 F.R.D. 407 (N.D. Ind. 1982) ............................................................. 15

*California ex rel. Lockyer v. United States*,
   450 F.3d 436 (9th Cir. 2006) .................................................................. 3

*Cedar Point Nursery v. Hassid*,
   141 S. Ct. 2063 (June 23, 2021) ........................................................... 2, 5

*Chiglo v. City of Preston*,
   104 F.3d 185 (8th Cir. 1997) .................................................................. 9

*Chiles v. Thornburgh*,
   865 F.2d 1197 (11th Cir. 1989) .............................................................. 14

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011) ............................................................... 3, 8

*Colonial Ins. Co. of Calif. v. Tumbleson*,
   889 F.Supp. 1136 (D. Alaska 1995) ......................................................... 7

*Com. of Va. v. Westinghouse Elec. Corp.*,
   542 F.2d 214 (4th Cir. 1976) .................................................................. 8

*Dilks v. Aloha Airlines*,
   642 F.2d 1155 (9th Cir. 1981) ............................................................. 1, 4

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ............................................................... 4, 5

*EEOC v. United Airlines*,
   515 F.2d 946 (7th Cir. 1975) ................................................................ 14

**Page(s)**

**FEDERAL CASES (CONT.)**

*Freedom from Religion Found., Inc. v. Geithner*,
  644 F.3d 836 (9th Cir. 2011) ................................................................ 4

*G&G Productions, LLC v. Rusic*,
  2019 WL 1976451 (C.D. Cal. 2019) ..................................................... 8

*Hoots v. Com. of Pa.*,
  672 F.2d 1133 (3d Cir. 1982) ............................................................. 16

*Kleissler v. USFS*,
  157 F.3d 964 (3d Cir. 1998) ................................................................. 9

*Knick v. Twp. of Scott*,
  139 S.Ct. 2162 (2019) ......................................................................... 1

*League of United Latin American Citizens v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ............................................................. 9

*Lingle v. Chevron U.S.A. Inc.*,
  544 U.S. 528 (2005) ..................................................................... 2, 12

*Menominee Indian Tribe v. Thompson*,
  164 F.R.D. 672 (W.D. Wis. 1996) ...................................................... 15

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
  732 F.2d 452 (5th Cir. 1984) ............................................................. 14

*Newby v. Enron Corp.*,
  443 F.3d 416 (5th Cir. 2006) ............................................................... 4

*Nuesse v. Camp*,
  385 F.2d 694 (D.C. Cir. 1967) ........................................................... 15

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
  960 F.3d 603 (9th Cir. 2020) ........................................... 9, 10, 11, 13

*Olden v. Hagerstown Cash Register, Inc.*,
  619 F.2d 271 (3rd Cir. 1980) ............................................................... 8

*Perry v. Proposition 8 Official Proponents*,
  587 F.3d 947 (9th Cir. 2009) ............................................................. 14

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

-iii-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

**Page(s)**

**FEDERAL CASES (CONT.)**

*Prete v. Bradbury*,
   438 F.3d 949 (9th Cir. 2006) ................................................................. 11

*Pub. Serv. Co. of New Hampshire v. Patch*,
   136 F.3d 197 (1st Cir. 1998) .................................................................. 8

*Ruckelshaus v. Monsanto Co.*,
   467 U.S. 986 (1984) ............................................................................... 6

*Sierra Club v. EPA*,
   995 F.2d 1478 (9th Cir. 1993) ............................................................... 3

*South Dakota ex rel Barnett v. U.S. Dept. of Interior*,
   317 F.3d 783 (8th Cir. 2003) ............................................................... 14

*Stuart v. Huff*,
   706 F.3d 345 (4th Cir. 2013) ............................................................... 14

*Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Pub.*
   *Reg. Comm'n*,
   787 F.3d 1068 (10th Cir. 2015) ........................................................... 15

*U.S. v. Alisal Water Corp.*,
   370 F.3d 915 ........................................................................................... 7

*United States v. British Am. Tobacco Australia Servs.*,
   437 F.3d 1235 (D.C. Cir. 2006) ............................................................ 3

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002) ................................................................. 9

*United States v. South Bend Comm. School Corp.*,
   511 F.Supp. 1352 (N.D. Ind. 1981) ................................................... 14

Rutan & Tucker, LLP
*attorneys at law*

560/036892-0001
17106683.1 a11/01/21

-iv-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

**Page(s)**

**FEDERAL RULES**

Federal Rules of Civil Procedure
    Rule 24................................................................................3, 4, 5
    Rule 24(a) ..................................................................................... 3
    Rule 24(a)(2)............................................................................. 4, 8
    Rule 24(b) ................................................................................... 13
    Rule 24(b)(1)(2)............................................................................ 2
    Rule 24(b)(1)(B) .............................................................4, 13, 14
    Rule 24(b)(2) ....................................................................... 14, 15

**OTHER AUTHORITIES**

California Constitution Article I, section 19 ................................................ 1

United States Constitution Fifth Amendment  .......................................1, 5

Rutan & Tucker, LLP
*attorneys at law*

560/036892-0001
17106683.1 a11/01/21

-v-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

To be crystal clear, Plaintiffs in this proceeding only seek to recover "just compensation" for the substantial losses they have sustained as a result of the City of Los Angeles' ("City's") COVID-19 Eviction Moratorium ("Ordinances" or "Eviction Moratorium").  Asserting only as-applied takings claims under the United States and California Constitutions, Plaintiffs have not, and cannot, obtain declaratory or injunctive relief invalidating and/or enjoining the continued operation of the Eviction Moratorium.  *Knick v. Twp. of Scott*, 139 S.Ct. 2162, 2179 (2019) ("Governments need not fear that our holding will lead federal courts to invalidate their regulations as unconstitutional [takings]," provided that "just compensation remedies remain available").

Indeed, Plaintiffs only seek the remedy of "just compensation" for the City's taking of Plaintiffs' property interests under the Takings Clauses embodied in the Fifth Amendment to the United States Constitution, and Article I, section 19 of the California Constitution.  Organizations charged with representing the interests of tenants like Proposed Intervenors should be delighted that Plaintiffs seek a monetary payment from the lone defendant in this proceeding, as opposed to pursuing defaulting tenants with rental arrears now as high as $75,000 in some cases. Proposed Intervenors, however, seek to join in the City's defense of Plaintiffs' monetary claims, readily acknowledging that they have no interest in protecting such tenants from what might otherwise become bankruptcy-inducing judgments.

Intervention by right is wholly improper here.  Proposed Intervenors have not demonstrated any protectable, non-contingent interest necessary for intervention by right. *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156–57 (9th Cir. 1981).  At most, they represent concerned citizens who fear that a large monetary judgment against the City, or a declaration of a taking of Plaintiffs' property interests, might motivate the City to rescind its Ordinances to avoid such takings liability.  With respect, that

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

-1-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

1  train has already left the station.  The City's Eviction Moratorium has been in place

2  now for 19 months and landlords throughout the City will no doubt seek to recover

3  just compensation for back rent, interest and late fees still owed that have not been

4  reimbursed through the City's rent assistance program.  *Cf. Cedar Point Nursery v.*

5  *Hassid*, 141 S. Ct. 2063, 2074 (June 23, 2021) ("To begin with, we have held that a

6  physical appropriation is a taking whether it is permanent or temporary.")  Nothing

7  Plaintiffs do in this proceeding will mitigate or exacerbate the losses already

8  sustained by landlords throughout the City.

9      Moreover, Proposed Intervenors' purported "fear" of rescission constitutes a

10  hyper-speculative and "contingent" concern which Proposed Intervenors have no

11  legal ability to challenge.  Courts are not allowed to compel a legislative body to

12  enact or repeal legislation.  Thus, whether or not their purported "fear" is legitimate,

13  Proposed Intervenors have no rights that could possibly be "impaired" by a

14  monetary judgment in favor of Plaintiffs and against the City.  The fact that

15  Proposed Intervenors helped author the City's eviction moratorium is likewise of no

16  help.  The motivation behind the Eviction Moratorium, and the public interest it

17  serves, are not factors the Court may properly consider when determining whether

18  the Eviction Moratorium effects a taking.  *Lingle v. Chevron U.S.A. Inc.,* 544 U.S.

19  528, 542–44 (2005) (explaining that whether or not a particular regulation

20  "substantially advances" the public interest is not a valid consideration when

21  determining whether the law or regulation effects a taking).

22      For the same reasons, Proposed Intervenors cannot identify any "claim or

23  defense" they have in common with the claims and defenses to be adjudicated in this

24  action. Fed. R. Civ. Proc. 24(b)(1)(2).  The relief sought in this case is monetary

25  and, if successful, Plaintiffs' action will only relieve some tenants from having to

26  pay tens of thousands of dollars in back rent.  Plaintiffs have not named (nor could

27  they in light of the City's Eviction Moratorium) any tenants as defendants in this

28  action.  No judgment entered in this case could negatively impact any tenants

residing anywhere in Los Angeles. Even more problematic for Proposed Intervenors on this Motion, permissive intervention is completely improper where the named party with whom the intervenors seek to join forces has every incentive to defend itself in the litigation. Plaintiffs seek to recover from the City many millions of dollars in lost rent, interest, late fees and related damages attributable to the City's Eviction Moratorium. The City has far more at stake than Proposed Intervenors (and their members) and all may rest assured that the City will adequately defend itself in this proceeding.

The Motion should be denied in its entirety.

## II.   **<u>LEGAL STANDARD</u>**

The requirements for intervention are set forth in Rule 24 of the Federal Rules of Civil Procedure. The burden is on the would-be intervenor to establish that the grounds for intervention are satisfied. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Whether the intervention sought is permissive or as a matter of right, it can be granted only on timely motion. *United States v. British Am. Tobacco Australia Servs.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006).

Intervention as a matter of right "shall be permitted" when: (1) a federal statute confers the unconditional right to intervene in the action, or (2) the applicant claims an interest which may, as a practical matter, be impaired or impeded by disposition of the pending action, and that interest is not adequately represented by existing parties. *See* Fed. R. Civ. Proc. 24(a); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). In determining whether intervention as of right is appropriate, courts apply a four-part test: (1) the motion must be timely, (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action, (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) the applicant's interest must be inadequately represented by the parties to the action. *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993).

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  The applicant bears the burden of showing that each of the four elements is met. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

Permissive intervention may be allowed in the court's discretion when: (1) a federal statute confers a conditional right to intervene, or (2) the applicant's "*claim or defense*" and the main action involve a common question of law or fact, and (3) allowing intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* (emphasis added). Intervention of right under Rule 24(a)(2), unlike permissive intervention under Rule 24(b)(1)(B), makes the applicant's *ability to protect his or her interests* a criterion for intervention.  *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006).  Even where a party meets the requirements for permissive intervention, the court has broad discretion in denying it. *Amoco Oil Co. v. Dingwell*, 690 F.Supp. 78, 83–84 (D. Maine 1988).

## III.   ARGUMENT

### A.   Proposed Intervenors Have Not Satisfied the Required Elements To Intervene As A Matter Of Right.

Proposed Intervenors' arguments for intervention as a matter of right are premised on the false belief that this litigation is certain to doom the City's Eviction Moratorium.  Their stated significant protectable interest (*i.e.*, "in the ongoing applicability of the Ordinances' protections," *see* Motion to Intervene at 13:8–9), is entirely contingent on uncertain future events that may not come to pass, and has little to do with the present action in inverse condemnation that only seeks payment of just compensation for property taken and *not* any form of injunctive relief. Contingent logic based on mere speculation is not enough for intervention as a matter of right under Rule 24.  *See Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156–57

Rutan & Tucker, LLP
*attorneys at law*

560/036892-0001
17106683.1 a11/01/21                -4-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

(9th Cir. 1981) ("To intervene as a matter of right, [an intervenor] must establish an 'interest', under Rule 24, that is *direct*, *non-contingent*, substantial and legally protectable, and one not adequately represented by existing parties.") (citation omitted, emphasis added); *see also Glickman*, 159 F.3d at 410 ("An applicant generally satisfies the 'relationship' requirement *only if* the resolution of the plaintiff's claims *actually will affect* the applicant.") (emphasis added).

Proposed Intervenors provide zero evidence that the City would jettison the Ordinances if Plaintiffs are successful,[1] but instead offer declarations stating that they merely "fear" this could happen, and otherwise rest their argument on a raft of speculation:

- "If this lawsuit succeeds, we are *fearful* it will erode the foundation of the city's efforts to protect tenants and *may* result in a repeal of many or most of the Ordinance's provisions." Declaration of Cynthia Strathmann ¶ 13 (emphasis added).

- "If this lawsuit is successful . . . [w]e *fear* it would lead to the end of the Ordinances and tenant protections[.]" Declaration of Larry Gross ¶ 6 (emphasis added).

- "If Plaintiffs were successful . . ., that *could later be used to try* to enjoin the Ordinances." Motion to Intervene ("Motion") at 13:16–17 (emphasis added).

---

[1]   Nor can they.  The City's Eviction Moratorium has been in place since March 2020, a full nineteen months ago, and the City shows no signs of providing any relief to landlords against their defaulting tenants in the near future.  The takings litigation is coming, not just from Plaintiffs in this action, but from landlords throughout the City.  And as six Supreme Court justices have already found, eviction moratoria like the City's intrude on the fundamental ownership rights of landlords to exclude defaulting tenants from their properties — the only inquiry required to determine whether a particular law effects a *per se* physical taking in violation of the Fifth Amendment. *Alabama Assoc. Realtors v. Dept. of Health and Hum. Services*, 141 S. Ct. 2485, 2489 (Aug. 26, 2021).  The City is already on the hook for rent losses over the past 19 months and any rescission of its ill-conceived law now will not save it from takings liability, as just compensation is owed not just for "permanent takings," but also "temporary takings." *Cedar Point Nursery*, 141 S. Ct. at 2074.

- "A judgment for Plaintiffs would *potentially* eliminate the rights secured by the Ordinances." *Id.* at 14:10–11 (emphasis added).

- "If granted, the declaratory relief sought here *might* be used by other landlords or landlord associations *to try* to obtain injunctive relief[.]" *Id.* at 14:21–23 (emphasis added).

- "A finding that the Ordinances effect a taking here *could* very well open the floodgates to more takings lawsuits against the City, with the effect of pushing the City to sunset the protections prematurely." *Id.* at 14:24–26 (emphasis added).

- "A flood of takings cases seeking staggering amounts in damages *could potentially* compel the City to end the emergency declaration, and thus the Ordinances before it is safe to do so." *Id.* at 14:26–28 (emphasis added).

- "A ruling in Plaintiffs' favor *might* require the City to confront difficult decisions about how to serve its competing constituencies . . ., and *could* effectively force the City to cut off the protections[.]" *Id.* at 14:28–15:4 (emphasis added).

Plaintiffs here recognize in their Complaint that the declaratory relief sought is only for purposes of establishing the City's liability *as to Plaintiffs*, and are not otherwise seeking any form of injunctive relief.  Complaint, Prayer for Relief ¶1.  This is for good reason — it is hornbook law that injunctive relief is simply not available for the types of claims presented in this case.  *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) ("Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking.").  Thus, to agree with the Proposed Intervenors, this Court must necessarily make a factually unsupported logical leap by presuming that if Plaintiffs were successful, then the City will in fact repeal its Ordinances.  Proposed Intervenors

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21                -6-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

1   have offered no evidence of this whatsoever, but only speculate as to what they

2   "fear" might be potential outcomes.  Once the allegations of potential invalidation

3   are removed from Proposed Intervenors' Motion, any argument for intervention as

4   of right quickly vanishes.

5          Proposed Intervenors provide no "direct, non-contingent, substantial and

6   legally protectable" interest in the narrow context of this inverse condemnation case,

7   which, again, seeks only the payment of just compensation for the City's taking of

8   Plaintiffs' private property interests.  Indeed, even if the City were inclined to

9   rescind its Ordinances (either as a result of this case or any other potential

10  controlling case), Proposed Intervenors have no right or legal claim to prevent the

11  City's legislative body from acting or refraining to act. *See, e.g.*, *Colonial Ins. Co. of*

12  *Calif. v. Tumbleson,* 889 F.Supp. 1136, 1141 (D. Alaska 1995) ("A judge has no

13  authority to 'repeal' inconvenient legislation, no matter how foolish, wrongheaded,

14  or socially undesirable it may appear to him.").

15         Furthermore, because Proposed Intervenors lack a protectable interest, they

16  similarly cannot show that disposition of this case may "impair or impede" Proposed

17  Intervenors' protection of that interest.  As explained above, this requires leaps in

18  logic that are simply not supported by the facts that Proposed Intervenors have

19  supplied to support their Motion.  This is sufficient to end the inquiry.  *U.S. v. Alisal*

20  *Water Corp.*, 370 F.3d 915, 919 ("The party seeking to intervene bears the burden of

21  showing that *all* the requirements for intervention have been met.").

22         Plaintiffs are only asking the City by way of this suit to pay for property taken

23  via the City's Ordinances.  Complaint, Prayer for Relief ¶ 1.  It is entirely unclear

24  what significant, direct, and non-contingent legally protectable interests the

25  Proposed Intervenors share in relation to limiting the City's monetary liability for an

26  uncompensated taking.  Proposed Intervenors' arguments are entirely based on

27  speculation of outcomes of future litigation by other landlords (*see* Motion at 13:16–

28  24, 14:21–24, 15:19–25), or legally indeterminable future *legislative* actions by the

City in rescinding the Ordinances (*see* Motion at 14:3–5, 14:24–28), and thus their argument "falls far short of the 'direct, non-contingent, substantial, and legally protectable' interest required for intervention as a matter of right." *G&G Productions, LLC v. Rusic*, 2019 WL 1976451 at *3 (C.D. Cal. 2019) (finding that an applicant's interest that was contingent on the outcome of a separate suit was insufficient for purposes of intervention as a matter of right).

Even if Proposed Intervenors did state a protectable interest, they wholly fail to show that the City is incapable of adequately representing their interests. *See* Fed. R. Civ. Proc. 24(a)(2). Whether an intervenor's rights are already adequately represented in the action is a question of federal law. *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271, 273–274 (3rd Cir. 1980); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (setting forth factors to be considered).

Under that standard, Proposed Intervenors must produce some tangible basis to support a claim of purported inadequacy. *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998). Moreover, where the would-be intervenor and an existing party have the same "ultimate objective," a presumption of adequate representation arises, and a "compelling showing" is required to rebut that presumption. *Citizens for Balanced Use*, 647 F.3d at 898. "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion or nonfeasance on the part of the party to the suit." *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

Importantly, a government entity is presumed to represent the interests of its citizens. *Arakaki*, 324 F.3d at 1086. Therefore, when the would-be intervenor shares the same interest as a government entity — here, opposing a declaratory judgment as to the City's uncompensated taking of Plaintiffs' private property interests — it will also be presumed that the government entity adequately represents the intervenor absent a "*very compelling* showing to the contrary." *Id.*

(emphasis added);  *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997) ("strong showing" required if government is party and interests asserted are within realm of "sovereign interests"); *Kleissler v. USFS*, 157 F.3d 964, 972 (3d Cir. 1998) (strong showing required if proposed intervenor's concerns "closely parallel those of the public agency").  Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.  *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002).

For example, in *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997), the plaintiff brought a lawsuit challenging California's Proposition 187, which had been enacted by the voters. *Id.* at 1301.  A public interest group brought a motion to intervene as of right, claiming — as Proposed Intervenors do here — that it participated in the drafting and sponsorship of the proposition and desired to intervene in support of its defense. *Id.*  The district court denied the motion, and the Ninth Circuit affirmed.  The Ninth Circuit ultimately held the intervenor-applicant's interests were adequately represented by the state defendants and affirmed the denial of the motion to intervene. *Id.*  Given that the proposed intervenor's "ultimate objective" (*i.e.*, to ensure that Prop 187 was upheld and constitutional on the merits) was identical to that of the state defendants, the Ninth Circuit concluded, "the undisputed facts of this case do not even begin to rebut the presumption of adequacy . . . on the contrary, they bear it out." *Id.* at 1305.  As such, there was "simply no reason to believe that Governor Wilson and Attorney General Lungren cannot be counted on to argue vehemently in favor of the constitutionality of Prop 187." *Id.* at 1306.

Similarly, in *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603 (9th Cir. 2020), two environmental groups argued that they were entitled to intervene in an action challenging a city ordinance that barred the transport of coal through a commercial terminal. *Id.* at 607.  In analyzing the issue, the Ninth Circuit emphasized that to establish inadequate representation, the

intervenors in *Oakland Bulk* needed to make a "very compelling showing" because: (1) a governmental entity (Oakland) was already acting on behalf of their interests in the action; and (2) intervenors and Oakland shared the same ultimate objective of upholding the Ordinance and Resolution.  *Id.*; *see also Arakaki*, 324 F.3d at 1086 (a "very compelling showing" is required to rebut a "presumption of adequacy" when "the government is acting on behalf of a constituency it represents" or when the applicant and existing party "have the same ultimate objective").

The intervenors in *Oakland Bulk* advanced several arguments in support of an alleged inadequate representation, including arguments indistinguishable from those made by Proposed Intervenors here.  The Ninth Circuit rejected all such arguments.

For example, the Court held that the mere fact that the intervenors had a narrower focus than the City — *i.e.*, "a focus on health, safety and environmental protections, as opposed to Oakland's broader concerns that included such matters as the City's finances and its contractual relationship[s]" — was "insufficient" to rebut the presumption of adequacy. *Oakland Bulk*, 960 F.3d at 620.  Rather, a party seeking to intervene "must proffer sufficient evidence to show that government will take an undesirable legal position." *Id.* ("Intervenors failed to offer persuasive evidence, at the time of their motion to intervene, that Oakland's broader interests would lead it to stake out an undesirable legal position. The presumption of adequacy thus remained intact." (citing *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006))).  Second, the Court rejected the argument that the city was neither positioned nor willing to make all of intervenors' arguments, finding such argument was unsupported by the record.  *Id.* Finally, the Court rejected intervenors' argument that their expertise in environmental issues warranted intervention of right, finding that a city's lack of specialized knowledge is insufficient to rebut the presumption of adequacy absent an "evidentiary showing that the government could not obtain that knowledge through discovery or experts." *Id.* at 621 (citing *Prete*, 438 F.3d at 958–59).

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

-10-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

1    Proposed Intervenors here advance the same arguments that were rejected in
2 *Oakland Bulk*.  For example, Proposed Intervenors argue that because the City
3 "work[s] on behalf of all Los Angeles residents," and must "balance multiple
4 interests," they cannot adequately represent Los Angeles's most vulnerable tenants.
5 Motion at 17:3–11.  This argument makes even less sense than that advanced by the
6 intervenors in *Oakland Bulk*, as the tenants Proposed Intervenors represent are all
7 constituents of Defendants and are the very constituency that the Ordinances were
8 designed to protect.  Proposed Intervenors have failed to supply this Court with *any*
9 evidence — as necessary to meet their burden — that the City's allegedly broader
10 interests will cause it to take a legal position inconsistent with Proposed Intervenors'
11 interests.  *Oakland Bulk*, 960 F.3d at 620.

12    Moreover, likewise infirm is Proposed Intervenors' claim that their "interests"
13 will not be adequately represented due to Defendants' interest "in reducing time and
14 costs."  Motion at 17:7–8.  As the Ninth Circuit recognized in *Prete*, "virtually all
15 governments face budget constraints generally, and if such a basis were sufficient to
16 establish inadequate representation, it would eliminate the presumption of adequate
17 representation when the government and intervenor-applicant share the same
18 interest." *Prete*, 438 F.3d at 957.  The Ninth Circuit further emphasized that "there
19 is no evidence in the record that defendant is unable to mount an effective
20 defense . . . due to 'budget constraints.'"  *Id.*  Likewise here, Proposed Intervenors
21 have failed to offer any evidence that the City does not intend to vigorously defend
22 its Ordinances. To the contrary, it may be safely presumed that the City — which
23 would be monetarily liable if Plaintiffs are successful — will vigorously defend this
24 inverse condemnation action, as its the City's resources that are ultimately on the
25 hook.

26    Proposed Intervenors also argue that "[i]t is far from certain that Defendant
27 will make all of Proposed Intervenors' arguments," and that "Defendant lacks the
28 information to be able to do so."  Motion at 16:25–27.  They allege that they "offer

necessary elements to the proceeding, as they have access to facts and evidence that Defendants do not." Motion at 17:12–13. Again, the argument makes little sense given the specific nature of Plaintiffs' claims against the City. What motivated the City to adopt its Eviction Moratorium, and what unique knowledge Proposed Intervenors possess concerning the City's law or the interests of those who Proposed Intervenors represent, are wholly irrelevant to Plaintiffs' takings claims. The public interest advanced by a particular law has no bearing on whether the law effects a taking. *Lingle*, 544 U.S. at 542–44. As the Supreme Court explained:

> Instead of addressing a challenged regulation's effect on private-property, the "substantially advances" inquiry probes the regulation's underlying validity. But such an inquiry is logically prior to and distinct from the question whether a regulation effects a taking, for the Takings Clause presupposes that the government has acted in pursuit of a valid public purpose. The Clause expressly requires compensation where government takes private property "*for public use.*" It does not bar government from interfering with property rights, but rather requires compensation "in the event of *otherwise proper interference* amounting to a taking." Conversely, if a government action is found to be impermissible — for instance because it fails to meet the "public use" requirement or is so arbitrary as to violate due process — that is the end of the inquiry. No amount of compensation can authorize such action.

*Id.* at 543 (emphasis original).

Petitioners point to no particular "knowledge" they possess that would be relevant to the takings inquires at issue in this case. Takings claims necessarily

relate to how the City's Eviction Moratorium impacted Plaintiffs' *properties*.  What peculiar knowledge Proposed Intervenors may have concerning the City's adoption of the Ordinances and the reasons for why they believe the law serves the public interest and those individuals they represent are simply not relevant considerations in this proceeding.  But even if they were, this argument is even weaker than that rejected in *Oakland Bulk*, as Proposed Intervenors here have made no attempt to show that the City is incapable of acquiring the knowledge Proposed Intervenors claim to possess "through discovery or experts."  *Oakland Bulk*, 960 F.3d at 621.

In sum, Proposed Intervenors have the very same objective as the City, *i.e.*, to oppose declaratory judgment as to the City's uncompensated taking of Plaintiffs' property interests in this case.  Proposed Intervenors have entirely failed to produce evidence showing a significant, direct, and non-contingent protectable interest relating to the substance of this case in inverse condemnation, nor have they overcome the presumption that the City will adequately represent their interests, if any, in defending the City from the same.  Accordingly, Proposed Intervenors' request for intervention as a matter of right must be denied.

    **B.**    **This Court Should Deny Permissive Intervention Because the Proposed Intervenors Fail to Assert a "Claim or Defense" for Purposes of Rule 24(b), and Their Rights Are Adequately Represented.**

As evident from the foregoing, Proposed Intervenors fail to assert a "claim or defense" that is common to the inverse condemnation action here.  Fed R. Civ. Proc. 24(b)(1)(B).  Even if they did, any rights they purport to have are adequately represented by the City.  As is now plain, Plaintiffs only seek monetary compensation from the City by way of the City's uncompensated taking of Plaintiffs' private property interests.  Given that only the City is potentially liable in this action, the City is properly incentivized to vigorously defend this suit.  Consequently, Proposed Intervenors fail to satisfy the requirements of Rule 24(b),

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

-13-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

1    and this Court should reject their request for permissive intervention.

2           Permissive intervention is a two-stage process.  First, the district court must

3    decide whether one of the grounds for such intervention exists.  If this threshold

4    requirement is met, the court must then exercise its discretion in deciding whether

5    intervention should be allowed.  Whether sufficient grounds for such permissive

6    intervention exist is a question of law.  If intervention is not otherwise a matter of

7    right, a court may permit intervention *only* on one of the following grounds: (1)

8    conditional statutory right, (2) governmental regulators, (3) media access to judicial

9    records, or (4) a common question of law or fact. *See* Fed. R. Civ. Proc. 24(b)(1)(B).

10          The test for permissive intervention under Rule 24(b)(2) often involves an

11   even stricter application of the standards than intervention as of right.  *See EEOC v.*

12   *United Airlines*, 515 F.2d 946, 949 (7th Cir. 1975); *see also United States v. South*

13   *Bend Comm. School Corp.*, 511 F.Supp. 1352, 1357 (N.D. Ind. 1981).  Permissive

14   intervention is not as appropriate if the applicant's interests are adequately

15   represented by existing parties.  *New Orleans Pub. Serv., Inc. v. United Gas Pipe*

16   *Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984).  The district court may also consider

17   whether any additional legal argument the potential permissive intervenor wishes to

18   make "could adequately be presented in amicus briefs." *Stuart v. Huff*, 706 F.3d

19   345, 355 (4th Cir. 2013).  The court may also consider such matters as: (1) the

20   nature and extent of the would-be intervenors' interests, (2) the legal position they

21   seek to advance, and its probable relation to the merits of the case, (3) whether

22   intervention will prolong or unduly delay the litigation, and (4) whether the

23   intervenors' interests are adequately represented by other parties.  *Perry v.*

24   *Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

25          Moreover, a district court has broad discretion to deny permissive

26   intervention, even if the application to intervene is timely and even if intervenor's

27   claim or defense and main underlying cause have common questions of fact.  *Chiles*

28   *v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *see, e.g.*, *South Dakota ex rel*

*Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (upholding district court's decision to deny intervention by a tribe seeking to intervene a state's suit to prevent the United States from placing a certain parcel of land into a trust on behalf of the tribe, on grounds that the tribe's interests were adequately protected); *Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Pub. Reg. Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015) (denying intervention where proposed intervenor's interests were identical to those of existing party, in order to prevent duplicative discovery).

As discussed above, Proposed Intervenors' interests are adequately represented by the City's defense of its own Ordinances.  They share the very same goal and objective as the existing Defendant in this action — to oppose a declaratory judgment as to the City's uncompensated taking of Plaintiffs' private property interests.  Proposed Intervenors' have presented no evidence to suggest otherwise. Given Proposed Intervenors' inability to show their interests are not already adequately represented, that is an additional and independent reason to deny their motion.  *See Menominee Indian Tribe v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996) ("When intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears.").

**C.**     **Allowing Proposed Intervenors To Intervene Would Complicate this Litigation, Increase Delay, and Open the Door To Countless Other Potential Third Party Intervenors.**

Permissive intervention may also be denied to avoid the likelihood of undue delay.  *Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967); *see also Brookins v. South Bend Community School Corp.*, 95 F.R.D. 407, 411 (N.D. Ind. 1982) ("Rule 24(b)(2) requires the court to exercise its discretion in light of potential delay and prejudice to the existing parties.").  Allowing Proposed Intervenors — who by their own admission are three separate interest groups that collectively represent

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

-15-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE

thousands of members — to join this action can only serve to complicate and prolong this litigation.  Where the interests of an applicant for intervention in every manner match those of the existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that applicant's contributions to proceedings would be superfluous and that any resulting delay would be "undue."  *Hoots v. Com. of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982).

Accordingly, to the extent the Court finds that Proposed Intervenors have satisfied the requirements for permissive intervention, intervention should still be denied to avoid the unnecessary complication that would result from the three current Proposed Intervenors, as well as the numerous other potential intervenors, that have an interest in this proceeding.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Proposed Intervenors' Motion to Intervene.

Dated:  November 1, 2021

RUTAN & TUCKER, LLP
DOUGLAS J. DENNINGTON
JAYSON PARSONS

By:      */s/ Douglas J. Dennington*
Douglas J. Dennington
Attorneys for Defendants
CITY OF LOS ANGELES AND
COUNTY OF LOS ANGELES

Rutan & Tucker, LLP
attorneys at law

560/036892-0001
17106683.1 a11/01/21

-16-

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO INTERVENE